**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

    Plaintiff,

Case No. 17-10069

v.

Hon. Denise Page Hood

DANBY PRODUCTS, INC., et al.,

    Defendants.

_____/

## ORDER GRANTING MOTION TO REMAND [#38]

**I.    INTRODUCTION**

On or about December 16, 2016, Plaintiff filed this matter in the 18th Circuit Court for the State of Michigan (Bay County). On January 10, 2017, Defendants Danby Products, Ltd. and Danby Products, Inc. removed the case to this Court, and it was assigned to Judge Thomas L. Ludington. At the time of removal, the Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (because Count Four alleged a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301) and 28 U.S.C. § 1332 (complete diversity of parties). On February 17, 2017, the case was randomly reassigned to the undersigned pursuant to Administrative Order 17-006.

On March 10, 2017, the Court entered a stipulated order allowing Plaintiff to amend its complaint and add defendants, including Defendant ABC Appliance, Inc.

("ABC") and New Widetech Industries, Co. ("New Widetech"). [Dkt. No. 6] Plaintiff filed its Amended Complaint on March 16, 2017. [Dkt. No. 9] On December 11, 2017, New Widetech filed a Motion to Dismiss. [Dkt. No. 32] Plaintiff then filed the following documents on January 5, 2018: (1) a Second Amended Complaint, wherein Plaintiff amended the prior complaint by removing the Magnuson-Moss Warranty Act claim [Dkt. No. 36]; (2) a response to the Motion to Dismiss [Dkt. No. 37]; and (3) a Motion to Remand to State Court ("Motion to Remand"). [Dkt. No. 38] New Widetech filed an Amended Motion to Dismiss on January 26, 2018. [Dkt. No. 44] No party has filed a response or objection to the Motion to Remand or the Amended Motion to Dismiss.

## II. ANALYSIS

It is undisputed that ABC is a Michigan company with corporate headquarters in Michigan. It is undisputed and unchallenged that Plaintiff has filed a Second Amended Complaint that does not include any claim based on a federal question. For the reasons that follow, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's cause of action and remands it to the 18th Circuit Court for the State of Michigan (Bay County).

The Court was divested of subject matter jurisdiction pursuant to Section 1332 (diversity of citizenship) when Plaintiff filed its Amended Complaint on March 16,

2017. By adding ABC as a Defendant (an amendment agreed to by all parties to the action at the time), diversity of citizenship was lost because both Plaintiff and ABC are Michigan companies with headquarters in Michigan.

As to the subject matter jurisdiction based on Section 1331 (federal question), Plaintiff's first two complaints included a claim based on a federal statute, the Magnuson-Moss Warranty Act, 15 U.S.C. 2301. In the Second Amended Complaint, however, there are no claims arising out of the federal Constitution or a federal statute or regulation. Based on the absence of any federal question, the Court lacks subject matter jurisdiction pursuant to Section 1331.

Accordingly, the Court does not have subject matter jurisdiction over Plaintiff's cause of action, and the Court must remand Plaintiff's cause of action to the Court from which it was removed, the 18th Circuit Court for the State of Michigan (Bay County). The Court grants Plaintiff's Motion to Remand, and because the Court lacks subject matter jurisdiction over this matter, the Court does not address the Amended Motion to Dismiss.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiff's Motion to Remand to State Court [Dkt. No. 38] is GRANTED.

IT IS FURTHER ORDERED that this cause of action is REMANDED to the 18th Circuit Court for the State of Michigan (Bay County).

          S/Denise Page Hood
          Denise Page Hood
          Chief Judge, United States District Court

Dated: March 9, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 9, 2018, by electronic and/or ordinary mail.

          S/LaShawn R. Saulsberry
          Case Manager